IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| DEREK WALKER and HANNAH WALKER, ) | |
| ) | CASE NO. BK09-43717-TLS |
| Debtor(s). ) | A11-4033-TLS |
| PHILIP M. KELLY, Trustee of the Chapter 7 ) | |
| Bankruptcy Estate of Derek Walker and ) | |
| Hannah Walker, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| DEREK WALKER and HANNAH WALKER, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 13) and resistance by the debtor-defendants (Fil. No. 17). Stacy C. Nossaman-Petitt represents the debtors, and Philip M. Kelly represents himself as trustee. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

As of the petition date, the debtors were anticipating state and federal income tax refunds of approximately $8,300.00. These refunds included earned income credit and child tax credit. The Chapter 7 trustee requested turnover of the refunds to him pending a determination of the extent to which the refunds were property of the bankruptcy estate. The debtors did not turn the refunds over, so the trustee filed this adversary complaint alleging conversion of the non-exempt portion of the refund and seeking a monetary judgment in the amount of $3,702.31, plus costs. Thereafter, the trustee moved for summary judgment.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are uncontroverted:

1. The debtors filed a petition for Chapter 7 bankruptcy relief on December 28, 2009.

2. At the time of filing, the debtors were entitled to receive an income tax refund for 2009.

3. At the § 341 meeting with the trustee, the debtors and their counsel were advised that the trustee would be making a claim as to a portion of the 2009 tax refund.

4. The debtors' 2009 tax returns indicated they were entitled to refunds of $7,571.00 on their federal return and $810.00 on their state return.

5. The debtors claimed earned income credit of $2,907.00 on their federal return and $291.00 on their state return.

6. The debtors claimed additional child tax credit of $3,059.00 on their federal return.

7. The trustee's objection to the debtors' attempt to claim the child tax credit as exempt was granted.

8. The proportional share of the non-exempt income tax refund is $3,702.00.

A debtor's anticipated tax refund, to the extent it is attributable to events occurring prior to the filing of the petition for bankruptcy, is part of the bankruptcy estate. *Benn v. Cole (In re Benn)*, 491 F.3d 811 (8th Cir. 2007). A child tax credit is property of the bankruptcy estate. *Law v. Stover (In re Law)*, 336 B.R. 780 (B.A.P. 8th Cir. 2006). The debtors' tax refunds should have been turned over to the trustee for administration. The debtors have raised no factual or legal issues on this motion, so the trustee is entitled to summary judgment.

The trustee also requests an award of $250.00 for his costs in this action. Federal Rule of Bankruptcy Procedure 7054(b) permits the court to allow costs to the prevailing party except when a federal statute or the federal rules of procedure otherwise provide. The court's discretion in this regard is limited by 28 U.S.C. § 1920, which contains a list of taxable costs. *Williams v. Pillar*

*Capital Holdings, LLC (In re Living Hope Sw. Med. Servs., LLC)*, ___ B.R. ___, 2011 WL 887968, at *17 (Bankr. W.D. Ark. Mar. 14, 2011). Fees paid to the clerk of court are included in the allowable costs. The trustee seeks to recover his filing fee of $250.00. The debtors have not challenged this amount or the court's ability to award it, so the judgment will include the trustee's requested costs.

IT IS ORDERED: The Chapter 7 Trustee's motion for summary judgment (Fil. No. 13) is granted. Separate judgment will be entered.

DATED: July 21, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 Stacy C. Nossaman-Petitt
 *Philip M. Kelly
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.